IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Courtney M. Boshart, individually, as Personal Representative of the Estate of James S. Boshart, III, and as Trustee of the James S. Boshart, III, 2017 Living Trust U/A/D November 29, 2017; and Jason M. Boshart,<br><br>      Plaintiffs,<br><br>v.<br><br>Maurice R. Kassimir, Esq.,<br><br>      Defendant. | Civil Action No. 9:23-cv-3808-BHH<br><br>**ORDER** |

  This matter is before the Court upon Defendant Maurice R. Kassimir, Esq.'s, ("Defendant" or "Kassimir") motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and Kassimir's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 8, 9.)  For the following reasons, the Court denies both motions.

## **BACKGROUND**

  Plaintiffs Courtney M. Boshart, individually, as Personal Representative of the Estate of James S. Boshart, III, and as Trustee of the James S. Boshart, III, 2017 Living Trust U/A/D November 29, 2017 ("Courtney"), and Jason M. Boshart ("Jason") (collectively, "Plaintiffs") filed this action on August 3, 2023, against Defendant Kassimir. (ECF No. 1.) In their complaint, Plaintiffs allege claims for legal professional negligence and breach of contract against Kassimir, arising out of legal services that Kassimir provided to Plaintiffs' father, James S. Boshart, III ("Jim"), who resided in South Carolina. According to Plaintiffs'

complaint, their father, Jim, intended to leave the maximum share of his estate to them and intended to bar his estranged wife, Barbara Boshart ("Barbara"), from making an elective share claim.[1]  Instead, however, Plaintiffs complain that, due to Kassimir's errors and omissions, Barbara was able to make an elective share claim under South Carolina law for one-third of the value of Jim's assets.  (*See id.*)  As a result of Kassimir's alleged errors or omissions, Courtney and Jason assert that they suffered damages and lost approximately $10,000,000 in value they should have received under Jim's trust; that Jim's estate was damaged because it was forced to incur attorney's fees to litigate with Barbara; and that Jim's trust was damaged by lost principal and future income.  (*Id.* at 1-2.)

According to the complaint, Kassimir is a citizen of the state of New York, where he is a licensed attorney; Courtney is a citizen of New Jersey and is also considered a citizen of South Carolina because she was appointed as successor personal representative of Jim's estate, which is being administered in Beaufort County, South Carolina[2]; and Jason is a citizen of New Jersey.  (*Id.* at 2.)  Plaintiffs further allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in

---

[1] Jim had three children: Courtney, Jason, and James S. Boshart, IV ("James"), and Plaintiffs contend that Jim communicated his testamentary intent to Kassimir as follows:

a.  Barbara receive the absolute minimum amount of assets from his Estate required to prevent Barbara from electing to receive the value of one-third of his Estate under S.C. Code § 62-2-201 (the "elective share");

b.  the principal of his approximate $30MM estate be distributed equally to Courtney and Jason; and

c.  that James receive forgiveness of approximately $2MM in loans Jim previously made to James.

(ECF No. 1 ¶¶ 14-15.)

[2] Jim died in Beaufort County, South Carolina, on July 6, 2020, and his will was filed in the Beaufort County Probate Court on August 3, 2020.  (ECF No. 1 at ¶¶ 25-26; *see also* ECF No. 1-1.)

controversy exceeds $75,000.00.  (*Id.* at 3.)  Plaintiffs allege that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in South Carolina, a substantial part of the property that is the subject of the action is situated in South Carolina, or pursuant to 28 U.S.C. § 1391(b)(3) because Kassimir is subject to the Court's personal jurisdiction.  (*Id.*)

## **DISCUSSION**

**I.     Defendant Kassimir's Motion to Transfer Venue**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  District courts have wide discretion to transfer an action under 1404(a) "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

When analyzing a motion to transfer venue under 28 U.S.C. § 1404(a), district courts conduct a two-step analysis: (1) first, the district court considers whether venue would be proper in the proposed district; and (2) second, if the proposed venue would be proper, then the district court evaluates "whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses."  *United States v. $78,850.00 in U.S. Currency*, 446 F. Supp. 2d 428, 431 (D.S.C. 2006).  This analysis involves an "individualized, case-by-case consideration of convenience and fairness . . . ." *Van Dusen*, 376 U.S. at 622.  In making that individualized analysis, district courts in the Fourth Circuit

look at: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Svcs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

Here, in his motion to transfer venue, Kassimir asserts that this Court should transfer this case to the United States District Court for the Southern District of New York because: (i) the Southern District of New York has personal jurisdiction over Kassimir; (ii) transfer would ease access to proof and material testimony because, *inter alia*, Kassimir lives and works in New York, Jim sought out Kassimir in New York for the purpose of preparing his estate planning documents, Kassimir's files are located in New York, Courtney and Jason reside in New Jersey, which is closer to New York than South Carolina, and Barbara does not live in South Carolina but lives in Savannah, Georgia; and (iii) the Southern District of New York has a stronger interest in this case because New York substantive law applies to Plaintiffs' claims. (*See* ECF No. 8 at 1.) In support of his motion, Kassimir included an affidavit stating, *inter alia*, that Jim met with Kassimir in New York to discuss his estate planning needs; that Kassimir prepared the will and trust in his New York office; that prior to Jim's death, the original documents of the will and trust were maintained in Kassimir's New York office; and that all of the allegedly negligent acts all occurred in New York. (*See* ECF No. 8-1 at 2.)

In response to Kassimir's motion, Plaintiffs assert that Kassimir has failed to carry his burden to show that a transfer of venue is warranted. Specifically, Plaintiffs assert that all of the relevant factors favor venue in the District of South Carolina because: Jim's will and trust were prepared with the intent that they comply with and be administered under South Carolina law; the will was witnessed and executed in South Carolina; the trust

4

contains specific provisions and citations to South Carolina law; the trust was perfected in South Carolina when Jim transferred assets into the trust; and Jim's estate is being probated in South Carolina. Also, according to Plaintiffs, their choice of venue is entitled to substantial weight, and the state of South Carolina has a strong interest in this controversy. Plaintiffs further assert that the allowing this case to remain in South Carolina best serves the convenience of the parties and the witnesses whose testimony is admissible. According to Plaintiffs, Kassimir and his law firm's employees are barred from testifying in this matter pursuant to both South Carolina's and New York's Dead Man's Statutes, and Plaintiffs assert that the remaining witnesses who can testify (including the witnesses to the will and trust as well as Barbara) all reside in South Carolina and Georgia. (*See* ECF No. 13.)

As an initial matter, the Court does not disagree with Kassimir that this action could have been brought in the United States District Court for the Southern District of New York. Indeed, Plaintiffs do not even argue otherwise. However, after consideration of the relevant factors and the applicable law, the Court finds that Kassimir has not established that a transfer of venue is in the interest of justice and will serve the convenience of the parties and witnesses. As previously mentioned, in making the individualized analysis of convenience and fairness, this Court considers: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444.

### A.     Weight Accorded to Plaintiffs' Choice of Venue

First, the Court considers the weight given to Plaintiffs' choice of venue. "As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining

5

whether transfer is appropriate.'" *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)).  Here, Plaintiffs chose to bring this action in the United States District Court for the District of South Carolina, and the Court finds their choice entitled to substantial weight because, contrary to Kassimir's arguments otherwise, there is a strong connection between Plaintiffs' choice of forum and the claims presented.  In other words, the Court finds that South Carolina has a strong connection to the dispute at hand.  As Plaintiffs point out in response to Kassimir's motion, although Kassimir may have drafted the will and trust in New York, it appears that both documents were prepared with the intent that they be governed by South Carolina law; Jim's execution of these documents was witnessed by South Carolina residents and was notarized by a South Carolina notary in Beaufort County, South Carolina; the will was filed in the Beaufort County Probate Court and is being probated in South Carolina; and the trust was perfected in South Carolina when Jim transferred assets, including South Carolina property, into it.[3] (*See* ECF Nos. 1-1, 14-1.)  Under these circumstances, the Court finds Plaintiffs' choice of venue entitled to substantial weight.

B.     **Convenience and Access of Witnesses**

Next, the Court considers the convenience and access of witnesses.  *See Milliken & Co. v. Reynolds*, 2012 WL 5354399, at *5 (D.S.C. Oct. 26, 2012) ("The convenience of witnesses is an important consideration in determining whether to grant or deny a motion

---

[3] Plaintiffs indicate that they inadvertently failed to attach a copy of the trust to their complaint, and they instead attached a copy to their response in opposition to Kassimir's motion to transfer venue.  The complaint clearly references and incorporates both the will (which was attached to the complaint) and the trust, and the Court can properly consider these documents as integral to the complaint.  The will identifies Jim as a resident of South Carolina and specifically refers to the trust, which also cites Title 4, Article 2, Section 62-2-201 of the South Carolina Code of Laws.  (ECF Nos. 1 at 1, 14-1 at 5.)

to transfer venue."). When considering this factor, courts consider both the number of witnesses as well as "the nature and quality of the testimony, the distances and inconveniences involved." *Mims v. Proctor & Gamble Distrib. Co.*, 257 F. Supp. 648, 655 (D.S.C. 1966). However, "[w]itness convenience is 'not merely a battle of numbers favoring the party that can provide the longest list of witnesses it plans to call," *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718-19 (E.D. Va. 2005), and "transfer is not appropriate where it will only serve to shift the balance of inconvenience from one party to the other." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 668 (E.D. Va. 2010). Additionally, the party asserting witness inconvenience "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 870 (E.D. Va. 2013) (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)).

Furthermore, courts typically distinguish between party witnesses and non-party witnesses when considering this factor. *HDMG Ent., LLC v. Certain Underwriters at Lloyd's of London Subscribing to Pol'y*, No. L009082, 2017 WL 367967, at *5 (D.S.C. Jan. 25, 2017). While party witnesses are presumed to be more willing to testify in a different forum because they are closely aligned with the party, non-party witnesses are not given such presumption. *Id.* Therefore, greater weight is afforded to the convenience of non-party witnesses rather than party witnesses. *Id.* Party witnesses include employees of a party. *See* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3851 (4th ed.) ("[T]he convenience of witnesses who are employees of a party is entitled to less weight because that party can

7

obtain their presence at trial."); *Va. Innovation Scis.*, 928 F. Supp. 2d at 871.

Here, although Kassimir asserts that he and his staff reside in New York and that Courtney and Jason reside in New Jersey, which is closer to New York than South Carolina, he does not specifically identify any non-party witnesses whose convenience would be best served by a transfer of venue. In fact, the only non-party witness to whom Kassimir specifically refers is Barbara, who lives in Savannah, Georgia, which the Court notes is actually closer to South Carolina to New York.

Ultimately, the Court finds that Kassimir has not demonstrated that the convenience of witnesses (other than himself) weighs in favor of transfer. In other words, although Kassimir's convenience may be best served by a transfer, he simply has not shown that any other witness would be best served by a transfer of venue, and the Court declines to presume that New York is a more convenient forum for Plaintiffs simply because Kassimir asserts it is, particularly when Plaintiffs wish for this case to proceed in South Carolina.[4]

## C.     Convenience of the Parties

The third factor the Court considers is the convenience of the parties, which the Court briefly addressed in the prior section. As the Court explained, although it is clear that a transfer would best serve the convenience of Kassimir, it is not clear that it would best serve the convenience of Courtney and Jason, who indicate that they wish to proceed in South Carolina. Ultimately, because one party wishes to transfer venue while the other party does not, this factor is at most neutral in the Court's analysis.

---

[4] As a practical matter, the Court notes that it is not convinced at this time by Plaintiffs' arguments regarding Kassimir's (and/or his employees') inability to testify pursuant to South Carolina's or New York's Dead Man's Statutes, but the Court also notes that it need not finally decide this issue at this time, particularly in light of the Court's finding *infra* that it would be premature to conduct a choice-of-law analysis before the parties have the benefit of discovery.

### D.     Interest of Justice

The final factor the Court considers is the interest of justice. "The 'interest of justice' category is designed broadly. It is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Blevins*, 2011 WL 2670590, at *8 (quoting *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Hearing & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). This includes considerations of "the Court's familiarity with the applicable law."

Here, the Court finds that this factor weighs in favor of keeping the instant action in the District of South Carolina. As noted above, Kassimir, although not licensed to practice law in South Carolina, represented a South Carolina citizen when he provided estate planning services for an estate that was intended to be both governed by South Carolina law and probated in South Carolina. South Carolina thus has a close relationship to this controversy, and in light of the nature of Plaintiffs' claims against Defendant, the Court finds that the circumstances of this case weigh against transfer.

In summary, after weighing the applicable § 1404(a) factors, the Court finds that Defendant has failed to carry his burden of showing that this case should be transferred to the United States District Court for the Southern District of New York. Stated plainly, the Court finds that: Plaintiffs' choice of venue is entitled to substantial weight; Kassimir has not shown that the convenience of any non-party witnesses would be best served by a transfer of venue; although a transfer would best serve Kassimir's convenience, the convenience-of-the-parties factor is, at best, neutral in the Court's analysis because it is not clear that a transfer would best serve the convenience of Plaintiffs, who wish to proceed in South Carolina; and, lastly, the interests of justice weigh against transfer. Accordingly,

the Court, in its discretion, denies Kassimir's motion to transfer venue.

## II.     Kassimir's Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.*  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Twombly*, 550 U.S. at 678.

Here, in his motion to dismiss, Kassimir first asserts that, in applying South Carolina's choice of law rules, New York law applies to Plaintiff's claims because the injury occurred in New York, as New York is where Kassimir provided legal advice and prepared the will and trust at issue.  Kassimir next asserts that under New York law, Plaintiffs' claims are subject to dismissal for failure to state a claim.

First, Kassimir assert that Plaintiffs' first cause of action for legal malpractice is subject to dismissal because it is legally deficient insofar as Plaintiffs' allegations do not rise

to the level of legal malpractice as a matter of New York law.  Second, Kassimir asserts that Plaintiffs' second cause of action for breach of contract is subject to dismissal because it is duplicative to Plaintiffs' legal malpracrice cause of action.  Kassimir also asserts that Courtney's and Jason's claims are subject to dismissal based upon longstanding New York precedent that an attorney is not liable to third parties not in privity for alleged harms caused by professional negligence absent fraud, collusion, malicious acts, or other special circumstances.

In response to Kassimir's motion, Plaintiffs contend that their complaint satisfies the applicable pleading standards and that Kassimir's motion should be denied as a premature motion for summary judgment because Kassimir's arguments raise factual and legal questions that go beyond the ambit of a Rule 12(b)(6) motion.

After careful review, the Court agrees with Plaintiffs on both counts.  First, the Court finds that the factual allegations of Plaintiffs' complaint, which are accepted as true, are sufficient to state a legally plausible claim for professional legal negligence, whether under New York or South Carolina law.  Second, as to Plaintiffs' breach of contract claim, the Court finds that Plaintiffs' allegations are sufficient to survive Defendant's motion to dismiss, to the extent South Carolina law applies to the claim.[5]  *See Fabian v. Lindsay*, 410 S.C. 475, 492 (S.C. 2014).  Importantly, however, the Court finds that it would be premature to conduct a choice-of-law analysis at this time, as factual questions exist regarding what

---

[5] To the extent the Court later determines that New York law applies to Plaintiff's claims, then Kassimir may well be entitled to dismissal of Plaintiffs' breach of contract claim.  *See Petito v. Law Offices of Bart J. Eagle, PLLC*, 170 A.D.3d 555, 556 (1st Dept. 2019) (finding that the plaintiff's breach of contract claim was properly dismissed as it was plainly based on the same facts as his legal malpractice claim); *Thompson v. Baier*, 84 A.D.3d 1062, 1064 (2d Dept. 2011) (dismissing the plaintiff's breach of contract claim as duplicative of the legal malpractice claim because it arose from the same facts and do not seek distinct and different damages).

actions, if any, Kassimir took in South Carolina. Thus, the Court agrees with Plaintiffs that it would be more appropriate to consider these issues at the summary judgment stage after the parties have had the opportunity to engage in discovery. Accordingly, the Court denies Kassimir's motion to dismiss.

## CONCLUSION

Based on the foregoing, the Court denies Kassimir's motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) (ECF No. 8), and the Court denies Kassimir's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 9).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 20, 2024
Charleston, South Carolina